**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02008-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

LAYMON LADALE JORDAN,

      Applicant,

v.

CDOC PAROLE DIVISION, By and Through the Executive Director and the Sheriff of Adams County State of Colorado,,

      Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

      On September 14, 2015, Applicant Laymon Ladale Jordan submitted to the Court a "Motion to Correct an Illegal Sentence Pursuant to C. R. Crim. P. 35(a), ECF No. 1, and a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action, ECF No. 2.  Upon review of the Motion to Correct an Illegal Sentence, the Court finds that Applicant is challenging a state sentence, and the terms of his parole.  It appears the Motion more properly is filed in state court.  The only proper avenue to challenge a state criminal proceeding in this Court is by filing a habeas corpus action pursuant to 28 U.S.C. § 2241, if challenging the execution of a state criminal action, or pursuant to 28 U.S.C. § 2254, if challenging the validity of a state criminal action; but only after an applicant has exhausted state court remedies.  Nonetheless, the Court will allow Applicant the benefit of the doubt and provide him with

the opportunity to proceed with this action if indeed his intent is to challenge his state sentence and/or parole pursuant to a proper federal statute.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the filings are deficient as described in this Order.  Applicant will be directed to cure the following if he wishes to pursue any claims in this Court in this action.  Any papers that Applicant files in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the **6-month period immediately preceding** this filing
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing authorization to calculate and disburse filing fee payments
(7) ___ is missing an original signature by the prisoner
(8) ___ is not on proper form
(9) ___ names in caption do not match names in caption of complaint, petition or habeas application
(10) ___ other:

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) _X_ is not on proper form
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ names in caption do not match names in text
(17) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) ___ other:

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Applicant files in response to this

Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Applicant shall obtain the proper forms, depending on the type of habeas action Applicant intends to file  (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Applicant must use a Court-approved form when curing the deficiencies.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED September 15, 2015, at Denver, Colorado.

                                        BY THE COURT:

                                         s/ Gordon P. Gallagher
                                        United States Magistrate Judge